UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUSAN HYMAN, CHRISTINE L. BONARDI, BARRY N. SUGAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WM FINANCIAL SERVICES, INC., JOHN DOES 1–50 (said names being fictitious individuals), ABC CORPORATIONS 1–50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>Defendants. | MASTER FILE: 07-CV-3497 (WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Edward P. D'Alessio
Winne, Banta, Hetherington & Basralian, P.C.
Court Plaza North
25 Main Street
PO Box 647
Hackensack, NJ 07601

(*Counsel for Plaintiffs*)

Eric A. Savage
Littler Mendelson, PC
One Newark Center
Eighth Floor
Newark, NJ 07102-5311

(*Counsel for Defendants*)


**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant WM Financial Services, Inc., has filed a motion to dismiss or in the alternative to strike portions of counts four and six of Plaintiffs' complaint. Count four alleges that Defendant violated a New Jersey Wage and Hour Law and requests, inter alia, statutory damages. Count six alleges that Defendant breached its implied contract with Plaintiff to obey this law and to provide Plaintiff with other, unspecified benefits. With respect to count four, the Court holds that Plaintiffs, as private parties, are not entitled to statutory damages, so the Court strike their complaint's request for such damages. With respect to count six, the Court holds that Defendants cannot be under a contractual obligation to fulfill a statutory duty. Also with respect to count six, the Court holds that Plaintiffs' remaining allegations of breach of contract are mere formulaic recitations and are thus insufficiently pled. The Court accordingly dismisses count six without prejudice. In summary, Defendant's motion is **GRANTED**.

## I.      FACTS AND PROCEEDINGS

This is an employment dispute. Named Plaintiffs Susan Hyman, Christine L. Bonardi, and Barry N. Sugar are former employees of Defendant WM Financial Services, Inc. (Compl. ¶¶ 1, 6, 7, 8.) Plaintiffs allege a number of employment claims against WM, two of which are relevant to this Motion.[1]

First, Plaintiffs allege in count four that after their employment ended, WM failed

---

[1]Plaintiffs bring this suit as a class action. (Compl. ¶ 1.) However, the class nature of the suit is irrelevant to the disposition of this motion. The Court will not further discuss it.

to pay Plaintiffs all wages due in a timely fashion, in violation of N.J. Stat. Ann. 34:11-4.3.  (Compl. ¶¶ 44–47.)  Plaintiffs request several forms of relief for this alleged violation, including compensatory damages, restitution, and—importantly—"penalties" under N.J. Stat. Ann. § 34:11-4.10.[2]  (Compl. ¶¶ 44–47; Pl.'s Br. in Opp'n to Def.'s Mot.5–7.)

Second, Plaintiffs allege in count six that WM breached their employment contract.  (Compl. ¶¶ 51–55.)  Plaintiffs allege the existence of a contract implied by conduct, "including the promise of the defendant WMFS to pay plaintiffs . . . all amounts due to them in compliance with state and/or federal law."  (Compl. ¶ 52.)  Plaintiffs further allege that WM breached this contract by "failing to pay the plaintiffs . . . other benefits."  (Compl. ¶ 55.)

WM now moves to dismiss or in the alternative to strike portions of counts four and six.  With respect to count four, WM alleges that "penalties" under § 34.11-4.10 are not available to private plaintiffs.  (Mem. of Law in Supp. of Def.'s Mot. to Dismiss 4–6.)  With respect to count six, WM alleges that promises to comply with the law are not enforceable in contract actions and that Plaintiffs' complaint fails to identify any other breach.  (Def.'s Mot. 7–9.)

---

[2]Under § 34:11-4.10, the Commissioner of Labor is authorized to seek certain administrative penalties for violations of, inter alia, § 34:11-4.3.

## II.     DISCUSSION

Under Rule 12(b)(6), this Court may dismiss a claim if the pleadings fail to state a

cause of action.  To survive a Rule 12(b)(6) motion to dismiss, the pleadings must set

forth factual allegations sufficient to raise the probability of a right to relief above pure

speculation.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007).  While these

factual allegations need not be detailed, they must contain more than legal conclusions

and formulaic recitations.  Id.

### A.     Count Four

As stated above, WM moves to dismiss or strike portions of count four, Plaintiffs'

§ 34:11-4.3 claim.  (Def.'s Mot. 4–6.)  WM argues that Plaintiffs' requested damages for

this count, penalties under § 34.11-4.10, are not available to private plaintiffs.  (Def.'s

Mot. 4–6.)  The Court agrees that Plaintiffs may not recover such penalties.  Accordingly,

the Court strikes Plaintiffs' request for penalties from count four of the complaint,

although the Count finds that dismissal of that count is not warranted.

Penalties under § 34:11-4.10 are not available to private plaintiffs.  That section

provides "when the Commissioner of Labor finds that an employer has violated [certain

New Jersey employment laws, including § 34:11-4.3], the commissioner is authorized to

assess and collect administrative penalties."  This section evidences the New Jersey

legislature's intent to vest the Commissioner of Labor with the power to seek

administrative penalties.  It does not expressly provide a private right of action to seek

such fees.  While New Jersey courts have not addressed whether § 34:11-4.10 implies a

private right of action, see Shelter Sys. of N.J., Inc. v. Fair, 2006 WL 2192904, at *4 n.5

(N.J. Sup. Ct. App. Div. July 18, 2006) ("For purposes of this appeal, we need not resolve

whether [§ 34:11-4.10] does or does not imply a private right of action."), they have

generally declined to infer a private right of action in statutes where the statutory scheme

contains civil penalties.  R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 773

A.2d 1132, 1144 (N.J. 2001).  Furthermore, a new cause of action in New Jersey should

generally be created only by legislative enactment or by the New Jersey Supreme Court.

Proske v. St. Barnabas Med. Ctr., 712 A.2d 1207, 1210 (N.J. Super. Ct. App. Div. 1998).

Accordingly, the Court declines to hold that Plaintiffs may seek administrative penalties

under § 34:11-4.10.

As a remedy, the Court strikes the portion of count four in which Plaintiffs request

administrative fees.  Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike

from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Rule

12(f) allows this Court to strike portions of a complaint in which a plaintiff requests relief

to which she is not entitled as a matter of law.  See Sirota v. Welbilt Appliance, Inc., 840

F. Supp. 11, 14 (E.D.N.Y. 1994) (striking a portion of a complaint requesting

compensation for pain and suffering where such damages were unavailable); Hofmayer v.

Dean Witter & Co., 459 F. Supp. 733, 740 (N.D. Cal. 1978) (striking a claim for punitive

damages in a contract claim where state law did not permit such damages).  Because

Plaintiffs cannot recover administrative fees under § 34:11-4.10, as explained above, the

Court strikes from the complaint their request for such fees.

However, the mere fact that Plaintiffs request unavailable administrative penalties

in count four does not justify dismissal of that count.  A demand for relief is not part of a

plaintiff's claim, so a failure to specify relief to which the plaintiff is entitled generally

does not warrant dismissal of that claim.  Bontkowski v. Smith, 305 F.3d 757, 762 (7th

Cir. 2002); see Fed. R. Civ. P. 54(c) (stating that a final judgment "should grant the relief

to which each party is entitled, even if the party has not demanded that relief in its

pleadings").  Plaintiffs may be entitled to some other kind of relief if they succeed on this

claim.  Indeed, Plaintiffs here request an array of remedies, including compensatory

damages and restitution.  Accordingly, dismissal of count four would be inappropriate.

**B.     Count Six**

WM also moves to dismiss or strike portions of count six, Plaintiffs' contract

claim.  WM argues that this claim is based solely on its alleged violation of New Jersey

statutes and not on any real contractual agreement.  (Def.'s Mot. 7–9.)  Plaintiffs answer

that their contract claims stem not only from WM's violations of statutory duties but also

from WM's failure to provide "other benefits."  (Pl.'s Opp'n 8.)  The Court finds that

Plaintiffs' contract claims stem largely from alleged violations of New Jersey statutes and

that such violations may not serve as the basis for a contract claim.  The Court further

finds that to the extent Plaintiffs' contract claims stem from obligations to provide "other

benefits" independent of any statutory entitlement, they are insufficiently pled to give

WM notice and an opportunity to answer them.  Accordingly, the Court dismisses count

six in its entirety without prejudice.

Plaintiffs' contract claims largely comprise violations of New Jersey statutory law

and are thus not cognizable contract claims.  Contractual agreements to comply with

preexisting legal duties are unenforceable for lack of consideration.  Berel Co. v. Sencit

F/G McKinley Assocs., 710 F. Supp. 530, 536 (D.N.J. 1989); see Gray v. Martino, 103 A.

24, 24 (N.J. 1918).  Here, Plaintiffs alleged an implied contract "to pay plaintiffs . . . all

amounts due to them in compliance with state and/or federal law."  (Compl. ¶ 52.)  If

WM was already obligated by state and federal law to pay these amounts, then WM's

obligation to pay cannot arise out of any contract.  Thus WM's failure to pay cannot serve

as the basis for a breach contract claim.

Furthermore, to the extent that Plaintiffs' contract claims allege a violation of

extra-statutory duties, they are insufficiently pled to give WM notice and an opportunity

to defend against them.  While a complaint need not set forth detailed factual allegations,

it must provide a defendant with fair notice of the plaintiff's claim and the grounds upon

which it rests.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  The

complaint must set forth sufficient factual allegations to raise the right to relief above

mere speculation.  Id. at 231–32.  Here, count six of Plaintiffs' complaint alleges that

WM breached an implied employment contract "to pay the plaintiffs . . . other benefits."

(Compl. ¶ 55.)  Count six is thus little more than a recitation of the elements for a breach

of contract claim.  It does not discuss the terms of the contract or how WM has allegedly

breached it.  Indeed, Plaintiffs admit in their opposition to this motion that they are unable

to "precisely determine the specific contractual obligations the Defendant owed to the

Plaintiffs under their employment contracts."  (Pl.'s Opp'n 8.)  Plaintiffs' claim appears to

be purely speculative—precisely what is now held insufficient under the federal pleading

standards.  Id.  If Plaintiffs cannot set forth with some minimal specificity the nature of

WM's contractual obligation and failure to abide thereby, WM cannot be expected to

defend against Plaintiffs' allegations.  See Data Gen. Corp. v. Computerized Indus., Inc.,

573 F. Supp. 115, 116 (E.D. Pa. 1983) (holding that a contract claim was insufficiently

pled because, inter alia, it failed to mention "the written or oral terms" of the contract).

Thus count six is insufficiently pled.

Accordingly, the Court dismisses count six in its entirety without prejudice under

Federal Rule of Civil Procedure 12(b)(6).  If Plaintiffs become able to plead a contract

claim with the minimal factual allegations necessary to satisfy the rules of pleading, then

they may move to amend their complaint.

III.   CONCLUSION

The Court strikes from the complaint paragraph forty-seven of count four, which

reads as follows: "Therefore, plaintiffs, on behalf of themselves and members of the

Class, demand appropriate penalties for defendants' failure to timely pay wages during

the Class Period."  The Court also dismisses count six in its entirety without prejudice.

Accordingly, WM's motion is **GRANTED**.  An Order accompanies this Opinion.


s/ William J. Martini
William J. Martini, U.S.D.J.